**PILLSBURY WINTHROP SHAW PITTMAN LLP**
MARK D. LITVACK (State Bar No. 102851)
mark.litvack@pillsburylaw.com
CAROLYN S. TOTO (State Bar No. 233825)
carolyn.toto@pillsburylaw.com
725 South Figueroa Street, 36th Floor
Los Angeles, CA 90017
Telephone: (213) 488-7100 / Facsimile: (213) 629-1033

RANJINI ACHARYA (State Bar No. 290877)
ranjini.acharya@pillsburylaw.com
2550 Hanover Street
Palo Alto, CA 94304-1115
Telephone: (650) 233-4500 / Facsimile: (650) 233-4545

Attorneys for Defendant
FLUIDMASTER, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANCO, INC., a Delaware Corporation<br><br>Plaintiff,<br><br>vs.<br><br>FLUIDMASTER, INC., a California corporation; and DOES 1 THROUGH 5, inclusive,<br><br>Defendants. | Case No. 8:23−cv−01156−AB−DFM<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO THE FIRST AMENDED COMPLAINT**<br><br>Trial Date: TBD<br><br>Judge: The Hon. André Birotte Jr. |

Defendant Fluidmaster, Inc. ("Defendant" or "Fluidmaster"), by and through undersigned counsel, hereby files its Answer and Affirmative Defenses to the First Amended Complaint (Dkt. No. 35, "FAC") of Plaintiff Danco, Inc. ("Plaintiff" or "Danco") as follows:

## NATURE AND BASIS OF THE ACTION[1]

1. Fluidmaster admits that Danco has brought this action against Fluidmaster but otherwise denies any and all remaining allegations of paragraph 1.

2. The allegations of paragraph 2 are not directed to Fluidmaster, and Fluidmaster lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies any and all remaining allegations of this paragraph.

3. Fluidmaster admits that Exhibits A, B, and C attached to the FAC, on their face, appear to be copies of U.S. Patent Nos. 9,139,993 ("the '993 Patent"), 9,103,105 ("the '105 Patent"), and 10,934,698 ("the '698 Patent"). Fluidmaster lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations and therefore denies any and all remaining allegations of paragraph 3.

4. Fluidmaster admits that it is a manufacturer, supplier, seller, and distributor of various plumbing supply and repair products and otherwise denies any and all remaining allegations of paragraph 4.

5. Fluidmaster admits that it manufactures and sells various toilet fill valves under its brand, including the Fluidmaster models PRO45U, 400H, 400AH, and 400H-002 ("the Accused Products") and otherwise denies any and all remaining allegations of paragraph 5. Fluidmaster has discontinued model PRO45HR.

6. Fluidmaster admits that it offers for sale the Accused Products in the United States through retailers and distributors, including Home Depot and Ferguson, and otherwise denies any and all remaining allegations of paragraph 6.

---

[1] The headings in the FAC are reproduced herein for the convenience of the reader. To the extent such headings include or infer allegations, they are denied.

7.  Fluidmaster denies the allegations of paragraph 7.

**PARTIES**

8.  The allegations of paragraph 8 are not directed to Fluidmaster, and Fluidmaster lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies any and all remaining allegations of this paragraph.

9.  Fluidmaster admits it is a California corporation with its principal place of business at 30800 Rancho Viejo Road, San Juan Capistrano, California 92675 and that its registered agent for service of process is Robert Adolf Andersonschoepe. Fluidmaster denies any and all remaining allegations of paragraph 9.

**JURISDICTION**

10. Fluidmaster admits that this is an action for alleged patent infringement arising under the patent laws of the United States, Title 35, United States Code and that this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a). Fluidmaster denies any and all remaining allegations of paragraph 10.

11. For the purposes of this action, Fluidmaster admits that this Court has personal jurisdiction over Fluidmaster.

12. For the purposes of this action, Fluidmaster admits that venue is proper in this District under 28 U.S.C. § 1391 and 1400(b). Fluidmaster denies any and all remaining allegations of paragraph 12.

**DANCO AND ITS PATENT RIGHTS**

13. The allegations of paragraph 13 are not directed to Fluidmaster, and Fluidmaster lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies any and all remaining allegations of this paragraph.

14. The allegations of paragraph 14 are not directed to Fluidmaster, and Fluidmaster lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies any and all remaining

allegations of this paragraph.

16. 15. The allegations of paragraph 15 are not directed to Fluidmaster, and Fluidmaster lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies any and all remaining allegations of this paragraph.

16. Fluidmaster admits that the '105 Patent, titled "Toilet Fill Valve," states that it was issued on August 11, 2015. Fluidmaster lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 16 and therefore denies any and all remaining allegations of this paragraph.[2]

17. Fluidmaster admits that the '993 Patent, titled "Toilet Fill Valve," states that it was issued on September 22, 2015. Fluidmaster lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 17 and therefore denies any and all remaining allegations of this paragraph.[3]

18. Fluidmaster admits that Exhibit C attached to the FAC, on its face, appears to be a copy of the '698 Patent. Fluidmaster admits that the '698 Patent, titled "Toilet Valve," states that it was issued on March 2, 2021. Fluidmaster lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 18 and therefore denies any and all remaining allegations of this paragraph.

19. The allegations of paragraph 19 are not directed to Fluidmaster, and Fluidmaster lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies any and all remaining allegations of this paragraph.

**FLUIDMASTER'S [ALLEGED]INFRINGING CONDUCT**

20. Fluidmaster admits that it manufactures and sells the Accused Products under its brand and otherwise denies any and all remaining allegations of paragraph 20. Fluidmaster has discontinued model PRO45HR.

---

[2] It appears that the '105 Patent is attached as Exhibit B (not Exhibit A) to the FAC.
[3] It appears that the '993 Patent is attached as Exhibit A (not Exhibit B) to the FAC,

21. Fluidmaster admits that the Accused Products are available for retail sale and distribution at various nationwide retailers, wholesalers and distributors and otherwise denies any and all remaining allegations of paragraph 21.

22. Fluidmaster admits that it was aware of the existence of the Danco Fill Valve Patents and otherwise denies any and all remaining allegations of paragraph 22.

23. Fluidmaster denies the allegations of paragraph 23 of the FAC.

24. Fluidmaster denies the allegations of paragraph 24 of the FAC.

25. Fluidmaster denies the allegations of paragraph 25 of the FAC.

26. Fluidmaster denies the allegations of paragraph 26 of the FAC.

27. Fluidmaster denies the allegations of paragraph 27 of the FAC.

## COUNT I - [ALLEGED] DIRECT INFRINGEMENT OF THE DANCO FILL VALVE PATENTS BY FLUIDMASTER

28. Fluidmaster repeats and realleges its responses to paragraphs 1 through 27 as if fully set forth herein.

29. Fluidmaster denies the allegations of paragraph 29 of the FAC.

30. Fluidmaster admits that Exhibits D, E, and F attached to the FAC, on their face, appear to be exemplary preliminary claim charts alleging infringement of claim 1 of each of the Danco Fill Valve Patents and otherwise denies any and all remaining allegations of paragraph 30.

31. Fluidmaster denies the allegations of paragraph 31 of the FAC.

32. Fluidmaster denies the allegations of paragraph 32 of the FAC.

33. Fluidmaster denies the allegations of paragraph 33 of the FAC.

34. Fluidmaster denies the allegations of paragraph 34 of the FAC.

35. Fluidmaster denies the allegations of paragraph 35 of the FAC.

36. Fluidmaster denies the allegations of paragraph 36 of the FAC.

# COUNT II - [ALLEGED] INDUCED INFRINGEMENT OF THE DANCO FILL VALVE PATENTS

37. Fluidmaster repeats and realleges its responses to paragraphs 1 through 36 as if fully set forth herein.

38. Fluidmaster denies the allegations of paragraph 38 of the FAC.

39. Fluidmaster denies the allegations of paragraph 39 of the FAC.

40. Fluidmaster denies the allegations of paragraph 40 of the FAC.

41. Fluidmaster denies the allegations of paragraph 41 of the FAC.

42. Fluidmaster denies the allegations of paragraph 42 of the FAC.

43. Fluidmaster denies the allegations of paragraph 43 of the FAC.

44. Fluidmaster denies the allegations of paragraph 44 of the FAC.

# COUNT III - [ALLEGED] CONTRIBUTORY INFRINGEMENT OF THE DANCO FILL VALVE PATENTS

45. Fluidmaster repeats and realleges its responses to paragraphs 1 through 44 as if fully set forth herein.

46. Fluidmaster denies the allegations of paragraph 46 of the FAC.

47. Fluidmaster admits that it has provided its distributors and customers with the Accused Products and otherwise denies any and all remaining allegations of paragraph 47.

48. Fluidmaster denies the allegations of paragraph 48 of the FAC.

49. Fluidmaster denies the allegations of paragraph 49 of the FAC.

50. Fluidmaster denies the allegations of paragraph 50 of the FAC.

51. Fluidmaster denies the allegations of paragraph 51 of the FAC.

52. Fluidmaster denies the allegations of paragraph 52 of the FAC.

53. Fluidmaster denies the allegations of paragraph 53 of the FAC.

54. Fluidmaster denies the allegations of paragraph 54 of the FAC.

## PRAYER FOR RELIEF

Fluidmaster denies that Danco is entitled to any requested relief whatsoever as prayer or otherwise. To the extent not expressly addressed above, Fluidmaster denies the factual allegations in the FAC.

## DEMAND FOR TRIAL BY JURY

Danco's demand for a trial by jury is a legal averment that Fluidmaster neither admits nor denies.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that it bears any burden of proof as to any of the following or their respective elements, Defendant alleges on information and belief the following Affirmative Defenses:

## FIRST DEFENSE

## (Invalidity)

Each asserted claim of the patents-in-suit are invalid for failure to comply with one or more requirements of Title 35, United States Code, including without limitation the provisions of 35 U.S.C. §§ 101, 102, 103 and//or 112, and the rules, regulations, and laws pertaining thereto.

## SECOND DEFENSE

## (Prosecution History Estoppel)

Upon information and belief, by reason of prior art and the proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications that led to the issuance of the patent-in-suit, including, without limitation, amendments, representations, concessions, and admissions made by or on behalf of the applicant, Danco is estopped from asserting that the patents-in-suit cover and include any Fluidmaster products or services alleged to infringe the patents-in-suit.

## THIRD DEFENSE

## (Limitation on Damages)

Plaintiff's claims for recovery are barred, in whole or in part, by 35 U.S.C. § 287.

## FOURTH DEFENSE

## (Limitation on Damages)

Under the provisions of 35 U.S.C. § 286, Plaintiff is precluded from seeking recovery for any of Fluidmaster's alleged infringing acts occurring more than six years before the filing of the FAC.

## FIFTH DEFENSE

## (Action Including an Invalid Claim and Limitation on Recovery of Costs)

Plaintiff's prayer for costs is barred, in whole or in part, by Plaintiff's failure to disclaim any invalid claims under 35 U.S.C. § 288.

## PRAYER FOR RELIEF

WHEREFORE, Fluidmaster denies that Danco is entitled to any relief, including the relief requested in its Prayer for Relief, Fluidmaster respectfully requests that the Court enter a judgment against Danco and in favor of Fluidmaster as follows:

A. That Danco takes nothing and be denied relief whatsoever;

B. That the FAC be dismissed on the merits and with prejudice;

C. That the claims of the patent-in-suit be declared to be not infringed by Fluidmaster;

D. That the asserted claims of the patents-in-suit be declared to be invalid and/or unenforceable;

E. That Fluidmaster be awarded its costs incurred in connection with this action;

F. That this case be deemed exceptional pursuant to 35 U.S.C. § 285, such that Fluidmaster be awarded reasonable attorneys' fees; and

G. That Fluidmaster be awarded such other and further relief as the Court may deem just and proper.

# JURY DEMAND

Fluidmaster demands a trial by jury as to all claims and issues properly triable thereby.

Dated: November 15, 2023

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: */s/ Mark D. Litvack*

MARK D. LITVACK (State Bar No. 102851)
CAROLYN S. TOTO (State Bar No. 233825)
RANJINI ACHARYA (State Bar No. 290877)

Attorneys for Defendant Fluidmaster, Inc.