**PILLSBURY WINTHROP SHAW PITTMAN LLP**
MARK D. LITVACK (State Bar No. 183652)
mark.litvack@pillsburylaw.com
CAROLYN S. TOTO (State Bar No. 233825)
carolyn.toto@pillsburylaw.com
725 South Figueroa Street, 36th Floor
Los Angeles, CA 90017
Telephone: (213) 488-7100 / Facsimile: (213) 629-1033

RANJINI ACHARYA (State Bar No. 290877)
ranjini.acharya@pillsburylaw.com
2550 Hanover Street
Palo Alto, CA 94304-1115
Telephone: (650) 233-4500 / Facsimile: (650) 233-4545

Attorneys for Defendant
FLUIDMASTER, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANCO, INC., a Delaware Corporation<br><br>Plaintiff,<br><br>vs.<br><br>FLUIDMASTER, INC., a California corporation; and DOES 1 THROUGH 5, inclusive,<br><br>Defendants. | Case No. 8:23−cv−01156−AB−DFM<br><br>**DEFENDANT FLUIDMASTER, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO STAY ALL PROCEEDINGS PENDING *INTER PARTES* REVIEW**<br><br>Date: April 5, 2024<br>Time: 10:00 a.m.<br>Courtroom: 7B<br><br>Trial Date: June 10, 2025<br><br>Judge: The Hon. André Birotte Jr. |

Defendant Fluidmaster, Inc. ("Defendant" or "Fluidmaster") respectfully requests the Court stay this case pending decisions from the United States Patent and Trademark Office ("USPTO") on three petitions for *inter partes* review ("IPR") of United States Patent Nos. 9,103,105, 9,139,993, and 10,934,698 (the "Patents-in-Suit"). The petitions (accorded proceedings numbers IPR2024-00634, IPR2024-00633 and IPR2024-00635 respectively), were each filed by Fluidmaster on March 6, 2024, and challenge all claims of all Patents-in-Suit.

Fluidmaster expects the USPTO to issue a decision regarding institution of these IPRs on or about September 6, 2024. If an IPR is instituted, Fluidmaster expects a final written decision on or about September 6, 2025. Accordingly, Fluidmaster moves to stay this litigation pending the USPTO's institution decision on those IPR and, to the extent that the USPTO institutes review of any one of the petitions, extending through the final resolution of those IPR proceeding(s).

## I. INTRODUCTION

Fluidmaster's request for a stay is in line with this Court's policy in favor of granting motions to stay proceedings pending the outcome of review proceedings before the Patent Office. Each of the three factors that this Court considers in determining whether to grant a stay weighs in favor of a stay: 1) this case is in its early stages with very limited discovery conducted to date; 2) no matter the outcome of the IPR petitions, the case will be resolved fully or at least simplified because Fluidmaster's petitions challenge all asserted claims; and 3) a stay would not unduly prejudice or present a clear tactical disadvantage to Plaintiff Danco, Inc. ("Danco") because Fluidmaster filed its petitions well within the statutory period, and the parties, although competitors, do not operate in a two-party market. This Court has repeatedly granted a motion to stay where, as here, a stay is requested early in the proceedings. Indeed, stays have been granted after the petitions for IPR have been filed but the Patent Office has not yet instituted review, especially when the petitions cover all asserted claims. Accordingly, this Court should stay this case.

## II. BACKGROUND

On June 28, 2023, Danco filed its initial complaint alleging infringement of the Patents-in-Suit. Dkt. No. 1. The complaint was served on Fluidmaster on August 10, 2023, the date Fluidmaster executed a waiver of service. On October 2, 2023, Danco filed an amended complaint that – for the first time – set forth the specific bases upon which Danco alleged infringement of one representative claim of each of the Patents-in-Suit. Dkt. No. 35. On November 15, 2023, Fluidmaster filed its answer and affirmative defenses to Danco's amended complaint. Dkt. No. 38.

This case is scheduled for trial starting June 10, 2025, and a *Markman* hearing is set for September 6, 2024. Dkt. No. 45. Activities relating to claims construction will not begin until April 22, 2024. Dkt. No. 47.

To date, the parties have conducted essentially no discovery. Danco served its first set of interrogatories and document requests on February 27, 2024, and neither party has produced any documents in response to a discovery request. No depositions have been scheduled or have taken place. Neither party has filed any dispositive motion in this case.

Fluidmaster filed three IPR petitions on March 6, 2024, challenging the validity of every claim of each of the Patents-in-Suit. On February 28, 2024, counsel for Fluidmaster met and conferred with counsel for Danco regarding this motion. Counsel for Fluidmaster provided the authorities for the stay and Danco's counsel indicated that Danco would not stipulate to the relief sought herein until it had the opportunity to review Fluidmaster's IPRs and until after the USPTO has issued an institution decision with respect to the IPRs.

## III. LEGAL STANDARD

The Court has a "liberal policy in favor of granting motions to stay proceedings pending the outcome of reexamination proceedings." *SCA Hygiene Prod. Aktiebolag v. Tarzana Enterprises, LLC*, No. CV 17-04395-AB (JPRx), 2017 WL 5952166, at *2 (C.D. Cal. Sept. 27, 2017) (quoting *Guthy–Renker Fitness L.L.C. v. Icon Health &*

*Fitness Inc.*, No. CV 97–7681 LGB, 1998 WL 670240, at *2 (C.D. Cal. July 17, 1998)). The Court's power to stay proceedings is "'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *DataQuill Ltd. v. TCL Commc'n Tech. Holdings Ltd.*, No. 2:19-cv-03394-AB-PLAx, 2020 WL 3884436, at *1 (C.D. Cal. Apr. 24, 2020) (Birotte, J.) (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)).

In determining whether to grant a stay pending *inter partes r*eview proceedings, courts consider three factors: "(1) the stage and history of the litigation; (2) whether a stay would simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *SCA Hygiene*, 2017 WL 5952166, at *2. "While these three factors are important, ultimately 'the totality of the circumstances governs.'" *DataQuill*, 2020 WL 3884436, at *1 (quoting *Allergan Inc. v. Cayman Chem. Co.*, No. SACV 07-01316 JVS (RNBx), 2009 WL 8591844, at *2 (C.D. Cal. Apr. 9, 2009)).

## IV.   ARGUMENT

### A.   The Stage of This Case Favors A Stay.

In evaluating the stage of the litigation, courts consider "whether discovery is completed, and whether a trial date has been set." *Id.* at *3. As to discovery, "the relevant question is 'whether discovery is nearing completion' as opposed to what has already occurred." *DataQuill*, 2020 WL 3884436, at *1 (quoting *Sorensen v. Black & Decker Corp*, No. 06-CV-1572 BTM (CAB), 2007 WL 2696590, at *4 (S.D. Cal. Sept. 10, 2007)). Therefore, "if a significant amount of discovery remains, a stay is more appropriate." *Id.* (quoting *Blast Motion, Inc. v. Zepp Labs, Inc.*, No. 15-CV-700 JLS (NLS), 2016 WL 5107678, at *2 (S.D. Cal. Mar. 29, 2016)). Further, "[c]ourts are significantly more likely to grant motions to stay while litigation is in its early stages." *Id.*; *SCA Hygiene*, 2017 WL 5952166, at *3 ("A stay is particularly appropriate for cases in the initial stages of litigation or in which there has been little discovery.").

This case remains in its infancy. There has been essentially no discovery taken. In fact, no discovery had been served by either party until Fluidmaster requested a meet-and-confer for this motion to stay. In response, Danco's counsel requested authorities in support of Fluidmaster's instant motion, which Fluidmaster provided on February 27, 2024, including the fact that no discovery had been exchanged to date. Danco's counsel served its first set of interrogatories and document requests a few hours later. Counsel for the parties met and conferred on this motion the next day, February 28, 2024. Danco's service of discovery requests after it had received Fluidmaster's request to meet and confer does not change the analysis. Indeed, discovery remains in its infancy, with only one set of interrogatories and document requests served by Danco. Fluidmaster is yet to serve its own discovery, and has not provided its written objections or responses to Danco's requests. Further, the parties have not noticed or taken any depositions, nor disclosed any experts. The parties also have not exchanged any proposed claim construction terms or supporting materials. No dispositive motions have been submitted, no claims construction activities have begun, and trial will not take place until Summer 2025. Dkt. No. 45. Courts evaluating cases in a similar posture, even where some written discovery has been exchanged, have nevertheless held that this factor weighs in favor of a stay. *See Lodge Mfg. Co. v. Gibson Overseas, Inc.*, No. CV 18-8085 PSG (GJSx), 2019 WL 9443180, at *3 (C.D. Cal. Sept. 24, 2019) (collecting cases).

A stay is also desirable at this stage of the litigation because it would avoid the expense of both expert discovery and summary judgment motions while the USPTO evaluates Fluidmaster's IPR petitions. *See, e.g.*, *UPL NA, Inc. v. Tide Int'l (USA), Inc.*, No. CV 19-1201-RSWL-KSX, 2021 WL 663128, at *2 (C.D. Cal. Feb. 19, 2021) (granting stay and noting that "there remains significant work ahead of the parties in this litigation, including party depositions, expert discovery, summary judgment, pretrial preparation, and trial" even where "a claim construction order has been issued"); *Universal Elecs. Inc. v. Roku, Inc.*, No. SACV 18-1580 JVS (ADSx), 2019 WL

1  6974173, at *2 (C.D. Cal. Nov. 4, 2019) ("A stay would save the parties and this Court
2  significant resources" where expert discovery had not begun and no dispositive motions
3  had been filed.).  Moreover, even though the Court has scheduled a trial date, "the
4  existence of this trial date alone . . . does not negate the fact that this case is in its earliest
5  procedural stages, with the parties having exchanged only limited discovery and the
6  Court having expended few resources on this case." *DataQuill*, 2020 WL 3884436, at
7  *2.
8       Accordingly, the early state of this litigation supports granting a stay.
9       **B.   A Stay Will Simplify The Issues And Trial of The Case.**
10      As to the second factor, "waiting for the outcome of the reexamination could
11 eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate
12 trial by providing the court with expert opinion of the [USPTO] and clarifying the scope
13 of the claims." *DataQuill*, 2020 WL 3884436, at *2 (quoting *Semiconductor Energy
14 Laboratory Co., Ltd. v. Chimei Innolux Corp.*, No. SACV 12-21-JST (JPRx), 2012 WL
15 7170593, at *2 (C.D. Cal. Dec. 19, 2012)).  "This is particularly true where, as here, a
16 party has requested re-examination of each of the patents-in-suit." *Id.*
17      Fluidmaster has filed IPR petitions challenging the validity of each of the Patents-
18 in-Suit.  Accordingly, "a decision by the [USPTO] instituting *inter partes* review and
19 re-examining the validity of [the] patents will certainly simplify the issues for trial." *Id.*
20 Additionally, the Patent Office is required to render its institution decision within six
21 months of the date of filing.  Thus, even if the USPTO declines to institute, the stay will
22 be "relatively short." *Id.*  Further, "even if all of the asserted claims survive review, the
23 case would still be simplified because [Fluidmaster] would be limited in which
24 arguments it could raise before this Court." *SCA Hygiene*, 2017 WL 5952166, at *4
25 (citing 35 U.S.C. § 315(e)).
26      Courts in this district have found it appropriate to stay cases even where trial has
27 been set on a date earlier than when the USPTO would render its final decision, and did
28 so even prior to institution of IPR review.  *See, e.g., Pi-Net Int'l, Inc. v. Hertz Corp.*,

No. CV 12-10012 PSG (JEMx), 2013 WL 7158011, at *1-2 (C.D. Cal. June 5, 2013) (granting pre-institution stay where trial in two of the three cases was scheduled to occur before the USPTO could render a final decision on the IPR, if instituted), *reconsideration denied*, 2013 WL 12130574 (C.D. Cal. Aug. 5, 2013); *Sleep No. Corp. v. Sizewise Rentals, LLC*, No. ED CV 18-00356 AB (SPx), 2019 WL 1091335, at *1 (C.D. Cal. Feb. 12, 2019) (granting pre-institution stay where trial was set for February 11, 2020, and if one or more of the IPRs are instituted, a final written decision by the USPTO would have issued in June 2020). In line with these decisions, the fact that the USPTO may issue its final written decisions after the currently scheduled trial date should carry little weight in the Court's consideration of whether to enter a stay now, in order to conserve judicial resources and streamline (and even possibly resolve) the litigation. Therefore, this factor likewise supports a stay.

Even if the Court determines that a stay is not appropriate because an institution decision has not been issued by the USPTO, the Court should issue a stay immediately upon receiving such a decision. Courts have granted renewed motions to stay following an institution decision, even if further discovery occurs and a trial date is set in the interim. *See, e.g.*, *Nike, Inc. v. Skechers U.S.A., Inc.*, No. 2:19-cv-09230-FLA (JDEx), 2021 WL 4925447, at *2 (C.D. Cal. June 30, 2021) (granting renewed motion to stay post-institution); *Reversible Connections LLC v. GBT Inc.*, No. 2:17-CV-05383 (JVS-JCG, 2018 WL 5116411, at *1 (C.D. Cal. Aug. 21, 2018) (same). Though Fluidmaster's position is that a stay should be entered at this time, we request that any denial be without prejudice and expressly reserve the right to renew our motion to stay once the USPTO issues an institution decision.

### C. A Stay Will Not Unduly Prejudice Or Present A Clear Tactical Disadvantage to Danco.

For the final factor, the Court considers "whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *SCA Hygiene*, 2017 WL 5952166, at *5. To analyze this factor, "courts have looked to considerations such

as the timing of the requests for IPR and a stay, the status of the IPR proceedings, and the relationship of the parties." *Weserve Drone, LLC v. SZ DJI Tech. Co.*, No. CV 19-04382-AB (AFMx), 2020 WL 4373365, at *3 (C.D. Cal. Mar. 17, 2020) (Birotte, J.) (quoting *SCA Hygiene*, 2017 WL 5952166, at *5.)) "Courts have repeatedly found no undue prejudice unless the patentee makes a specific showing of prejudice beyond the delay necessarily inherent in any stay." *DataQuill*, 2020 WL 3884436, at *2 (quoting *PersonalWeb Techs., LLC v. Apple, Inc.*, 69 F. Supp. 3d 1022, 1029 (N.D. Cal. 2014)). Indeed, "[t]he fact that Defendants have employed this statutory option does not in and of itself suggest abuse of it." *Ho Keung Tse v. Apple Inc.*, No. C 06-06573 SBA, 2007 WL 2904279, at *4 (N.D. Cal. Oct. 4, 2007).

A stay would not unduly prejudice Danco, nor would it present a clear tactical disadvantage. First, Fluidmaster filed its IPR petitions well within the statutory deadline of June 2024. *See Lodge Mfg.*, 2019 WL 9443180, at *4 (holding factor supported stay where "Defendant filed its IPR petition more than two months before the expiration of the one-year statutory period, well within the statutory period"). Additionally, Fluidmaster moved for a stay shortly after Danco confirmed that it would not consent to stay. *See id.* (noting same).

Second, Danco cannot show any specific prejudice beyond the delay resulting from a stay. *TeleSign Corp. v. Twilio, Inc.*, No. CV 15-3240 PSG (SSX), 2016 WL 6821111, at *4 (C.D. Cal. Mar. 9, 2016) ("[C]ourts have been reluctant to find that the IPR delay counsels against a stay absent a specific showing of prejudice beyond the prejudice inherent in a stay."). Though Danco included in its pleadings that it is seeking injunctive relief, Danco has not pursued any preliminary injunctive relief which courts have held weighs in favor of a stay because it is evidence that the party is only seeking monetary damages and will not be prejudiced by any delay caused by the stay. *See, e.g., Versata Software, Inc. v. Configit A/S*, No. LA CV 20-09019 JAK (MRWx), 2022 WL 3598158, at *4 (C.D. Cal. Apr. 27, 2022) (Plaintiff "did not move for a preliminary injunction and has made no specific showing of how granting a stay would harm

revenues or give Defendant a competitive advantage. These are factors that traditionally weigh against granting a stay."); *Weserve Drone*, 2020 WL 4373365, at *4 (holding prejudice factor weighs strongly in favor of granting a stay where "Plaintiff does not seek an injunction and has not alleged any irreparable harm from the alleged infringement"); *Lodge Mfg.*, 2019 WL 9443180, at *4 ("Plaintiff has not shown why money damages would not be sufficient compensation if the patent is determined to be valid and infringed."); *Autoalert, Inc. v. Dominion Dealer Sols., LLC*, No. SACV 12–1661–JST (JPRx), 2013 WL 8014977, at *3 (C.D. Cal. May 22, 2013) ("Plaintiff's failure to file for a preliminary injunction in the seven months since it filed its Complaint further suggests that monetary damages will adequately compensate Plaintiff should Defendants be found liable for patent infringement."); *Semiconductor Energy Lab'y Co.*, 2012 WL 7170593, at *4 (noting that plaintiff failed to seek a preliminary injunction which weighs in favor of a stay).  Danco's failure to move for a preliminary injunction is clear evidence that it will not be prejudiced by the delay resulting from a stay.

Finally, the relationship of the parties is the only factor that potentially weighs against a stay because Fluidmaster and Danco are direct competitors.  However, this alone is not sufficient.  The Court in *Versata Software*, 2022 WL 3598158, at *4, granted a stay where the parties were direct competitors.  There, the Court noted that the parties were not in a "two-player market" which undermined any claim of prejudice. *Id.* (citing *Air Vent, Inc. v. Owens Corning Corp.*, No. 02:10-CV-01699, 2012 WL 1607145, at *3 (W.D. Pa. May 8, 2012) (the presence of "other competitors in the market undermines [the] assertion of undue prejudice because of loss of market value.")); *TeleSign Corp.*, 2016 WL 6821111, at *5 (granting stay where "there was evidence of other competitors beyond Plaintiff and Defendant in the marketplace"). Danco has not alleged, nor could it, that the parties are the only two manufacturers of toilet fill valves.

Accordingly, each factor supports a stay.

## V.   CONCLUSION

For the foregoing reasons, Fluidmaster respectfully requests that the Court stay this case until the USPTO renders its institution decisions and, if the USPTO does institute review of at least one petition, the stay continue until the USPTO issues its final written decision(s).

Dated: March 6, 2024      PILLSBURY WINTHROP SHAW PITTMAN LLP

By:  */s/ Ranjini Acharya*
MARK D. LITVACK (State Bar No. 183652)
CAROLYN S. TOTO (State Bar No. 233825)
RANJINI ACHARYA (State Bar No. 290877)

Attorneys for Defendant Fluidmaster, Inc.