**PERILLA KNOX & HILDEBRANDT LLP**
Eric G. Maurer (GA Bar # 478199) *(pro hac vice)*
Email: e.maurer@pkhip.com
Cynthia J. Lee (GA Bar # 442999) *(pro hac vice)*
Email: c.lee@pkhip.com
5871 Glenridge Drive, Suite 350
Atlanta, GA 30328
Telephone: 470-657-9519
Facsimile: 877-389-6779

**ROBINS KAPLAN LLP**
David Martinez (State Bar No. 193183)
Email: dmartinez@robinskaplan.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 552-0130
Facsimile: (310) 229-5800

Li Zhu (State Bar No. 302210)
Email: lzhu@robinskaplan.com
555 Twin Dolphin Drive, Suite 310
Redwood City, California 94065
Telephone: (650) 784-4040
Facsimile: (650) 784-4041

*Attorneys for Plaintiff Danco, Inc.*

PERILLA KNOX & HILDEBRANDT LLP
AALANTA

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

DANCO, INC. a Delaware corporation,
Plaintiff,

v.

FLUIDMASTER, INC., a California corporation,
Defendants.

Case No. 8:23-cv-01156-AB (DFMx)
Honorable Judge Andre Birotte, Jr.

**PLAINTIFF DANCO, INC.'S MEMORANDUM IN OPPOSITION TO MOTION TO STAY ALL PROCEEDINGS PENDING *INTER PARTES* REVIEW**

Date: April 5, 2024, at 10:00 a.m.

Plaintiff Danco, Inc. ("Plaintiff" or "Danco"), by and through its undersigned counsel, submits this Memorandum in Opposition to Defendant Fluidmaster, Inc.'s ("Defendant" or "Fluidmaster") Motion to Stay All Proceedings Pending *Inter Partes* Review ("IPR") (Dkt. 48), respectfully showing this honorable Court that the motion for delay of proceedings and the Court's ordered schedule in this matter should be denied, as follows:

## I. INTRODUCTION

Fluidmaster seeks a stay of all proceedings in this Court in the above-captioned patent infringement matter pending IPR, even though the U.S. Patent and Trademark Office ("USPTO") will not even decide for another six months the issue of whether any or all of Fluidmaster's recently-filed petitions will even be instituted. Fluidmaster filed its petitions after requesting and receiving two extensions of time, totaling 104 days, to respond to formal allegations of infringement of the three patents-in-suit first alleged in the Complaint nine months ago.

While Fluidmaster elected to continue its delay in filing IPR petitions, the Court entered two scheduling orders and set a trial date for June 2025. Patent disclosures and discovery have commenced. At present and throughout what would be an indeterminant stay of adjudication of Danco's patent rights, Fluidmaster continues to make, offer to sell, and sell numerous accused products that infringe Danco's asserted patents, causing Danco to both lose customers that it would not have lost had the case proceeded and be forced to compete against its own patented technology, losing brand recognition in the process.

## II. BACKGROUND

Fluidmaster's window for petitioning the USPTO for IPR opened on June 28, 2023 (*see* Dkt. 1, Danco's Complaint for patent infringement), almost nine months ago. According to Defendant's statement in the parties' Joint Rule 26(f) Report,

"Fluidmaster states that it has insurance coverage for the defense of the claims in this action" and thereby was aware of the patents and claims now asserted in this case even before the filing of the Complaint in June 2023 (*see* Dkt. 47 at 4).

Moreover, shortly after the Complaint was filed Fluidmaster solicited Danco for a request for a waiver of service (to which Danco agreed), thereby extending Fluidmaster's time to answer or otherwise respond to the Complaint to 60 days after effecting the request for waiver of service, or September 26, 2023. Shortly before its extended deadline to answer the Complaint, Fluidmaster requested that Danco (1) amend its Complaint to add more specificity to the infringement allegations in the form of claim charts, in lieu of threatened motion practice on this issue, and (2) provide Defendant another, additional 30-day extension of its time (beyond the Federal Rules' deadline) to answer or otherwise answer the amended complaint. In effect, this provided Defendant with 44 additional days to respond to the amended complaint. Danco obliged, and on October 2, 2023, filed its Amended Complaint (*see* Dkt. 35). Fluidmaster raised no issues with the specificity of Danco's Amended Complaint, consisting of the same asserted patents and infringement allegations therein that were raised in Danco's original Complaint in June 2023.[1]

After the eventual filing of Fluidmaster's answer, the parties worked diligently pursuant to the Court's Order Setting Scheduling Conference (Dkt. 39) to confer on and file a Joint Rule 26(f) Report (*see* Dkt. 42). On February 7, 2023, the Court set this case for trial on June 10, 2025, and ordered the parties to set a patent-specific disclosure and claim construction schedule consistent with *Fluidmaster's* requested schedule (*see* Dkt. 45 at 2-3). The parties duly complied, and pursuant to the Court's Order Granting Joint Stipulation Regarding Patent Schedule (Dkt. 47), Danco timely

[1] Danco's Complaint and Amended Complaint both assert infringement by Fluidmaster of U.S. Patent No. 9,103,105, No. 9,139,993, and No. 10,934,698.

filed its Disclosure of Asserted Claims and Preliminary Infringement Contentions.[2]

Fluidmaster's intentional delay of nine months in filing its petitions for *Inter Partes Review* ("IPR") of the asserted patents and its accompanying instant motion to stay, after trial has been set and discovery and claim construction disclosures are already underway, unduly prejudices Danco, its competitor and owner of the asserted patents. Accordingly, Fluidmaster's motion seeking to delay and stay all proceedings in this case before the USPTO has even ruled on whether to institute IPR on any of the three asserted patents and 51 asserted claims should be denied in its entirety, or at least denied without prejudice to Defendant's ability to re-file its motion when the USPTO eventually decides whether and to what extent to institute IPR.

## III. LEGAL STANDARDS

A court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936). In deciding how best to exercise this inherent power, the court "must weigh competing interests and maintain an even balance." *Id.* at 254-55. "The determination of whether to grant a stay pending the outcome of the IPR is soundly within the Court's discretion." *Prime Focus Creative Servs. Canada Inc. v. Legend3D, Inc.*, No. CV-15-2340-MWF (PLAx), 2016 U.S. Dist. LEXIS 205293, at *5 (C.D. Cal. Sep. 14, 2016).

With regard to deciding whether to stay litigation pending IPR, courts generally consider the following three factors:

1. whether discovery is complete and whether a trial date has been set;
2. whether a stay will simplify the issues in question and trial of the case; and
3. whether a stay would unduly prejudice or present a clear tactical

[2] *See* Exhibit A (omitting Exhibits A-I for the Court's convenience).

disadvantage to the non-moving party.

*Wonderland Nurserygoods*, 2015 U.S. Dist. LEXIS 53053, 2015 WL 1809309, at *2 (quoting *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030-31 (C.D. Cal. 2013)).

Ultimately, "the totality of the circumstances governs," *Wonderland Nurserygoods*, 2015 U.S. Dist. LEXIS 53053, 2015 WL 1809309, at *2 (quoting *Universal Elecs.*, 943 F. Supp. 2d at 1031), and "a stay is never required," *id*. Whether "to grant a stay falls within the court's sound discretion." *CANVS Corp. v. United States*, 118 Fed. Cl. 587, 591 (2014). "While case law supplies these general considerations, the Court ultimately must decide whether to issue a stay on a case-by-case basis." *GoPro, Inc. v. C&A Mktg.*, No. 16-cv-03590-JST, 2017 U.S. Dist. LEXIS 92480, at *5 (N.D. Cal. June 15, 2017).

The moving party has the burden to persuade the court that a stay is appropriate. *Netlist, Inc. v. Smart Storage Sys., Inc.*, 2014 U.S. Dist. LEXIS 116979, 2014 WL 4145412, at *1 (N.D. Cal. Aug. 21, 2014).

## IV. ARGUMENT

### A. DEFENDANT'S DELAY IN SEEKING IPR WEIGHS AGAINST ISSUANCE OF STAY OF ALL PROCEEDINGS AT THIS STAGE OF THE LITIGATION, NOW THAT TRIAL HAS BEEN SET.

Fluidmaster did not act with reasonable diligence in filing its three IPR petitions and the associated motion to stay. Fluidmaster waited nine months from the filing of the Complaint and 5 months from the filing of the Amended Complaint to file its IPR petitions and to seek a stay of all proceedings in the case. Immediately upon Fluidmaster's answer to the Complaint, the Court entered its Order Setting Scheduling Conference on November 16, 2023 (Dkt. 39). The parties subsequently met and conferred and then filed their Joint Rule 26(f) Report and proposed schedules on January 26, 2024 (Dkt. 42). The Court issued its scheduling Order on February 7,

2024 (Dkt. 45), setting this case for trial on June 10, 2025, at 8:00 a.m. On February 14, 2024, the Court further ordered a schedule for patent-specific disclosures (Dkt. 47). Pursuant to this order, Danco served its disclosure of asserted claims and preliminary infringement contentions on February 23, 2023 (*see* Ex. A).

The Federal Circuit has made clear that "courts are not obligated to ignore advances in the litigation" at the time it considers a motion to stay. *GoPro, Inc.*, 2017 U.S. Dist. LEXIS 92480, at *6-7, citing *Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368, 1373 (Fed. Cir. 2014) (holding that a district court may properly wait for an institution decision before resolving a motion to stay pending IPR) (vacated on other grounds, 780 F.3d 1134 (Fed. Cir. 2015)).

Importantly, the Court has set a June 2025 trial date and accompanying pretrial deadlines. The Court has also set a date for the claim construction hearing (*see* Dkt. 47 at 2-3). The parties have commenced discovery and the patent-specific disclosures on the schedule jointly stipulated by the parties and entered by the Court. As such, this factor weighs against halting the demonstrable progress of this case on the Court's already-ordered schedules, at a minimum until such time as the USPTO issues its decisions on whether to institute IPR in the first place.

### B. A STAY OF ALL PROCEEDINGS IS PREMATURE, AS WHETHER THE NEWLY-FILED IPR PETITIONS WILL RESULT IN SIMPLIFICATION OF THE ISSUES IS PURELY SPECULATIVE.

The USPTO has not yet decided whether it will institute IPR for any of the asserted patents and will not make that decision until six months from Fluidmaster's March 6, 2024, filing of its IPR petitions, which decision date is September 6, 2024. *See* 35 U.S.C. § 314(b). Still yet, even if IPR were to be instituted, there is no way for the parties or the Court to know which patents and claims would be implicated. In any event, any IPR instituted on Fluidmaster's petitions would not be resolved for at least another year (September 2025) and possibly another six months after that

(March 2026). *See* 35 U.S.C. § 316(a)(11).

Notably, Fluidmaster's suggestion at this point that the "a decision by the [USPTO] instituting *inter partes* review and re-examining the validity of [the] patents will certainly simplify the issues for trial" is pure speculation. The filing of IPR petitions alone does nothing to simplify issues in the case unless they are ultimately instituted and successful, and the USPTO will not issue its institution order(s) until at least September 2024.

Likewise, there is no way of knowing, as of the date of the Court's consideration of the instant motion, whether the USPTO will even institute IPR. If the USPTO does not institute IPR on Fluidmaster's petitions then no simplification of any of the infringement issues is question will occur. Although delaying until September 2024, when the USPTO must decide whether to institute IPR, "guarantees six months of delay, it does not necessarily guarantee six months' worth of clarity." *SenoRx, Inc. v. Hologic, Inc.*, 2013 U.S. Dist. LEXIS 8044, 2013 WL 144255, at *9 n.11 (D. Del. Jan. 11, 2013).

Hence, the Court should not decide this motion in favor of Fluidmaster based on mere speculation about what the USPTO may or may not do. "With respect to this factor, the Court finds most relevant the fact that [Fluidmaster]'s petition was filed shortly before its motion, review has not yet been instituted, and the institution decision will not come for several months." *GoPro, Inc*, 2017 U.S. Dist. LEXIS 92480, at *9 (N.D. Cal. June 15, 2017). "[T]he balance does not shift in [favor of stay] [ ] until the PTO has granted the [IPR] application." *Id.*, citing *TPK Touch Solutions, Inc. v. Wintek Electro-Optics Corporation*, No. 13-cv-02218-JST, 2013 U.S. Dist. LEXIS 162521, 2013 WL 6021324, at n.1 (N.D. Cal. Nov. 13, 2013).

The Court should deny Fluidmaster's motion as premature in view of the fact



PERILLA KNOX & HILDEBRANDT LLP
ATLANTA

that the USPTO has not yet granted any petition for IPR.[3] *See, e.g.*, *SAGE Electrochromics, Inc. v. View, Inc.*, 2015 U.S. Dist. LEXIS 1056, 2015 WL 66415, at *5 (N.D. Cal. Jan. 5, 2015); *Unwired Planet, LLC v. Square, Inc.*, 2014 U.S. Dist. LEXIS 140831, 2014 WL 4966033, at *5-6 (D. Nev. Oct. 3, 2014); *Netlist*, 2014 U.S. Dist. LEXIS 116979, 2014 WL 4145412, at *3.

### C. A STAY OF ALL PROCEEDINGS WILL UNDULY PREJUDICE PATENT-OWNER DANCO.

Danco should not be forced to endure further delay in the progress of this case while the parties and the Court wait for IPR that may never come. Courts "expect accused infringers to evaluate whether to file, and then to file, IPR petitions as soon as possible after learning that a patent may be asserted against them." *GoPro, Inc.*, 2017 U.S. Dist. LEXIS 92480, at *13.

After seeking and receiving two extensions of time to respond to Danco's complaints for patent infringement, Fluidmaster delayed seeking IPR of any of the asserted patents until nine months after first being formally put on notice of its alleged infringement of the three patents-in-suit by the Danco's filing of the Complaint. Moreover, Fluidmaster has already admitted that even before the filing of Danco's Complaint it procured insurance coverage for defense of the infringement allegations raised in the Complaint, which policy coverage Fluidmaster must have applied for more than nine months ago and before the Complaint was filed (*see* Dkt. 42 at 4).

Furthermore "[i]n patent infringement cases, courts often find that prejudice is likely '[w]here the parties are direct competitors.'" *Drink Tanks Corp. v. Growlerwerks, Inc.*, No. 3:16-cv-410-SI, 2016 U.S. Dist. LEXIS 91964, at *14 (D. Or. July 15, 2016), citing *Tesco Corp. v. Weatherford Int'l, Inc.*, 599 F. Supp. 2d 848,

---

[3] Danco submits that the Court should deny the instant motion in its entirety, and permit Fluidmaster to refile its motion for a stay if the USPTO later accepts review of all the asserted patents and claims.

851 (S.D. Tex. 2009). "When the parties directly compete against each other for market share, infringement causes 'harm in the marketplace that is not compensable by readily calculable money damages.'" *Avago Techs. Fiber IP (Singapore) Pte. Ltd. v. IPtronics Inc.*, 2011 U.S. Dist. LEXIS 82665, 2011 WL 3267768, at *5 (N.D. Cal. July 28, 2011). "Staying a case while such harm is ongoing can cause prejudice to the patent owner 'that seeks timely enforcement of its right to exclude.'" *Id*. Consequently, in cases of direct competition between litigants, generally "courts presume that a stay will prejudice the non-movant." *Drink Tanks Corp.*, 2016 U.S. Dist. LEXIS 91964 (quoting *ADA Sols., Inc. v. Engineered Plastics, Inc.*, 826 F. Supp. 2d 348, 351 (D. Mass. 2011).

Here, there is no dispute between the parties that Danco and Fluidmaster are primary competitors in the market for toilet fill valve repair and replacement kits among the common distributors and retailers of such products.[4] A stay may cause Danco to lose customers that it would not have lost had the case proceeded, and Danco also may be forced to compete against its own patented technology being usurped by Fluidmaster, losing brand recognition in the process. Such losses may be difficult to calculate in terms of money damages.

As a result, even a short stay may cause undue prejudice to Danco, particularly given the uncertainty surrounding whether the USPTO will even institute IPR on any of Fluidmaster's three petitions. "[T]his sub-factor weighs against issuing a stay when the PTO has not yet decided whether to grant IPR." *GoPro, Inc.*, 2017 U.S. Dist. LEXIS 92480, at *15 (N.D. Cal. June 15, 2017), citing *SAGE Electrochromics, Inc. v. View, Inc.*, No. 12-cv-06441-JST, 2015 U.S. Dist. LEXIS 1056, 2015 WL 66415, at *4 (N.D. Cal. Jan. 5, 2015); *TPK Touch Solutions, Inc. v. Wintek Electro-Optics Corporation*, No. 13-cv-02218-JST, 2013 U.S. Dist.

---

[4] *See* Exhibit B (ranked by best-selling toilet fill valve replacement kits).

LEXIS 162521, 2013 WL 6021324, at *5 (N.D. Cal. Nov. 13, 2013). If the USPTO denies institution on all three petitions, Danco will have suffered harm without gaining any clarity concerning assertion of its otherwise enforceable patent claims against Fluidmaster. Because the USPTO may not act on Fluidmaster's petitions until September 2024, the status of IPR proceedings supports a finding of prejudice if the Court were to issue a stay of all proceedings at this time.

Regarding Fluidmaster's argument that Danco did not seek a temporary restraining order or preliminary injunction, most courts, on a motion to stay, "will not hold against [the patentee] its decision to spare the parties more litigation [in the form of a motion for preliminary injunction]." *Universal Elecs.*, 943 F. Supp. 2d at 1034 (quoting *Avago*, 2011 U.S. Dist. LEXIS 82665, 2011 WL 3267768, at *6). "A party's decision not to seek a temporary restraining order or preliminary injunction can be attributed to any number of factors, 'such as the high burden one must face to obtain a preliminary injunction and the difficulty in doing so without first having access to substantial discovery.'" *Drink Tanks Corp.*, 2016 U.S. Dist. LEXIS 91964, at *16, citing *SenoRx*, 2013 U.S. Dist. LEXIS 8044, 2013 WL 144255, at *8. "The Court agrees that refraining from seeking a temporary restraining order or preliminary injunction does not weigh against a finding of prejudicial harm for purposes of a motion to stay." *Id*.

Danco has otherwise duly litigated this case in accordance with the parties' schedule stipulations and the Court's scheduling orders, having timely served its comprehensive disclosure of preliminary infringement contentions on February 23, 2024, as well as interrogatories and requests for production of documents and things shortly thereafter. Fluidmaster's responses to Danco's discovery requests are due on April 4, 2024, before the scheduled hearing of the instant motion. Fluidmaster's disclosure of invalidity contentions, reciprocating Danco's February 23, 2024, disclosure of infringement contentions served two weeks before Fluidmaster filed its

motion to stay, is due on April 8, 2024 (*see* Dkt. 47 at 1).

The Court should, therefore, find that the prejudice factor weighs against granting a stay, in view of the material progress already made on the Court's case schedule and with trial already set for 15 months from now.

## V. CONCLUSION

For the foregoing reasons, Danco respectfully requests that Defendant Fluidmaster, Inc.'s Motion to Stay All Proceedings Pending *Inter Partes* Review (Dkt. 48) be denied in its entirety, or at least denied without prejudice to re-file said motion if and when the USPTO institutes IPR on all asserted claims of the three asserted patents.

BY: /s/ *Eric G. Maurer*

Eric G. Maurer (GA Bar # 478199)
*(pro hac vice)*
Cynthia J. Lee (GA Bar # 442999)
*(pro hac vice)*
**PERILLA KNOX & HILDEBRANDT LLP**
5871 Glenridge Drive, Suite 350
Atlanta, GA 30328
Telephone: 470-657-9519
Email: e.maurer@pkhip.com
Email: c.lee@pkhip.com

David Martinez (State Bar No. 193183)
**ROBINS KAPLAN LLP**
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 552-0130
Facsimile: (310) 229-5800
Email: dmartinez@robinskaplan.com

Li Zhu (State Bar No. 302210)
**ROBINS KAPLAN LLP**
555 Twin Dolphin Drive, Suite 310
Redwood City, California 94065
Telephone: (650) 784-4040
Facsimile: (650) 784-4041
Email: lzhu@robinskaplan.com

***Counsel for Plaintiff Danco, Inc.***

PERILLA KNOX & HILDEBRANDT LLP
AALANTA

**CERTIFICATE OF COMPLIANCE**

The undersigned counsel of record for Plaintiff Danco, Inc., certifies that this brief contains 2,956 words, which:

_X_ complies with the word limit of L.R. 11-6.1.

___ complies with the word limit set by court order dated [*date*].

DATED: March 15, 2024

/s/ *Eric G. Maurer*
Eric G. Maurer

***Counsel for Plaintiff Danco, Inc.***

**CERTIFICATE OF SERVICE**

I certify that on March 15, 2024, I electronically filed the foregoing PLAINTIFF DANCO'S OPPOSITION TO DEFENDANT'S MOTION TO STAY ALL PROCEEDINGS PENDING *INTER PARTES* REVIEW with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel and parties of record.

DATED: March 15, 2024

/s/ *Eric G. Maurer*
Eric G. Maurer

***Counsel for Plaintiff Danco, Inc.***